# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIE CROOKS,<br><br>   Plaintiff(s),<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>   Defendant(s). | Case No. 2:16-cv-00805-JCM-NJK<br><br>REPORT AND<br>RECOMMENDATION<br><br>(Docket Nos. 10, 13) |

  This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Julie Crooks' ("Plaintiff") application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court are Plaintiff's Motion for Remand, Docket No. 10, and the Commissioner's Cross-Motion to Affirm, Docket No. 13. No response was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I. STANDARDS**

  A. <u>Judicial Standard of Review</u>

  The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether substantial evidence supports the Commissioner's findings, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether substantial evidence supports the final decision.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g.*, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. § 404.1520). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); see also 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRS 96-4p, 16-3p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRS 96-2p, 96-5p, 96-6p, and 96-3p.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be

established.  In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA.  20 C.F.R. § 404.1560(b).  If the individual has the residual functional capacity to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lacewood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On May 17, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that she became disabled on January 27, 2012.  *See, e.g.*, Administrative Record ("A.R.") 72.  Plaintiff's claim was denied initially on November 20, 2012, and upon reconsideration on June 5, 2013.  A.R. 86-89, 97-100.  On July 22, 2013, Plaintiff filed a request for a hearing before an ALJ.  A.R. 117.  On September 3, 2014, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher R. Inama.  A.R. 39-60.  On December 19, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from January 27, 2012 ("alleged onset date") through the date of the decision.  A.R. 21-34.  On January 7, 2015, Plaintiff filed a request for a review of the ALJ's decision.  A.R. 15-16.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on February 18, 2016.  A.R. 1-4.

1  On April 8, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

B. The Decision Below

The ALJ followed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a), and issued an unfavorable decision on December 19, 2014. A.R. 21-34. At step one, the ALJ found that Plaintiff met the insurance requirements of the Social Security Act, and had not engaged in any substantial gainful activity since the alleged onset date. A.R. 23.[2] At step two, the ALJ found that Plaintiff suffered from one severe impairment: degenerative disc disease of the lumbar spine, status post laminectomy at L5, and status post spinal cord stimulator implant. A.R. 23-24. The ALJ also determined that Plaintiff suffered from the following non-severe impairments: hyperlipidemia, glucose intolerance, GERD, degenerative disease of the right hip, fibromyalgia, osteoarthritis, left shoulder sprain/strain, and right knee sprain/strain. A.R. 24-25. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. A.R. 25.

The ALJ determined that Plaintiff had the residual functional capacity to perform "light work" as defined in 20 C.F.R. § 404.1567(b), except that she could occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; and could occasionally balance, stoop, kneel, crouch, and crawl. A.R. 25-33. The ALJ further determined that Plaintiff had no manipulative limitations, and must avoid concentrated exposure to extreme cold, to wetness and vibration, and to hazards such as unprotected heights and dangerous machinery. *Id.* At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a total rewards representative/sales promotion representative, and as a data entry clerk/secretary. A.R. 33. Based on all of these findings, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the opinion. *See* A.R. 21-34.

---

[2] The ALJ found that Plaintiff had engaged in work activities after the alleged onset date; however, he gave Plaintiff the benefit of the doubt and continued with his analysis. A.R. 23.

### III. ANALYSIS AND FINDINGS

Plaintiff alleges that she is disabled due to severe back pain. *See, e.g.*, Docket No. 10 at 5, 7. Plaintiff underwent back surgery on January 31, 2012, and alleges that her pain has worsened since the surgery. A.R. 320; Docket No. 10 at 5-7. On appeal, Plaintiff claims that the ALJ erred by failing to properly consider opinion evidence from her treating physicians Drs. Bien and Muir, and by giving the opinions of these physicians less weight than the contradictory opinions of non-treating physicians who did not review medical records after June 2013. Docket No. 10 at 8-10. The Commissioner responds that the ALJ properly weighed the medical opinion evidence. Docket No. 13 at 5-13.

When assigning weight and resolving conflicts in medical testimony, the Ninth Circuit distinguishes between the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; and (3) neither treating nor examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). When evidence in the record contradicts the opinion of a treating physician, an ALJ may reject that opinion based on specific and legitimate reasons supported by substantial evidence. *Bray*, 554 F.3d at 1219.

    A.    Treating Physicians' Opinions

        i.    Dr. Bien

In treatment notes dated July 9, 2013, and September 3, 2013, Dr. Bien opined that Plaintiff could sit for 20 minutes; stand for 20 minutes; walk for 10 minutes; and lift more than 15 pounds.

A.R. 565, 569.  Dr. Bien further opined that Plaintiff's function was 20% improved with medications. *Id.* In treatment notes dated February 12, 2014, March 12, 2014, and April 9, 2014, Dr. Bien opined that Plaintiff could sit for 30 minutes; stand for 10 minutes; walk for 10 minutes; and lift less than 15 pounds. A.R. 484, 487, 490. Dr. Bien further opined that Plaintiff's function was 30% improved with medications, and that she was unable to work due to chronic pain. *Id.* Additionally, in a medical source statement dated August 29, 2014, Dr. Bien opined that, as a result of failed lumbar surgery syndrome with radiculopathy, Plaintiff could lift less than 10 pounds occasionally and frequently; could walk for fewer than 2 hours in an 8-hour workday; could sit for fewer than 6 hours in an 8-hour workday; could never climb, balance, stoop, kneel, crouch, or crawl; was limited in reaching and handling; and must avoid heights and moving machinery. A.R. 618-619.

The ALJ gave little weight to Dr. Bien's treatment notes because, *inter alia*, his notes appeared to repeat Plaintiff's subjective complaints[3] rather than presenting objective findings, and also because his notes contradicted each other. A.R. 30. Substantial evidence in the record supports the ALJ's findings.  First, Dr. Bien's notes appear to primarily repeat Plaintiff's subjective complaints and show mostly normal physical findings. *See, e.g.*, A.R. 484-485. Second, in later treatment notes as compared to earlier notes, Dr. Bien opined that Plaintiff's function was more improved with medications, yet also opined that Plaintiff had greater restrictions in certain areas. *See, e.g.*, A.R. 484, 569. Moreover, Ninth Circuit law makes clear that it is proper for an ALJ to consider these factors in discounting a treating physician's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (reliance on the claimant's subjective statements); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (inconsistent treatment records). The ALJ articulated specific and legitimate reasons supported by substantial evidence to give less weight to Dr. Bien's treatment notes.

---

[3] The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible. A.R. 29-30. Plaintiff does not dispute this determination on appeal. *See* Docket No. 10.

The ALJ gave little weight to Dr. Bien's medical source statement because, *inter alia*, it was internally inconsistent and vague. A.R. 30-31. Substantial evidence in the record supports the ALJ's findings. Dr. Bien opined that Plaintiff has been disabled since 2010, yet also opined that her disability results from failed lumbar surgery syndrome with radiculopathy. A.R. 618-619. Plaintiff had back surgery in 2012, not 2010. A.R. 320. Additionally, Dr. Bien provided almost no detail in response to questions asking how he reached his opinions about Plaintiff's various physical limitations, instead repeatedly writing "failed lumbar surgery syndrome with radiculopathy." A.R. 618-619. Similarly, Dr. Bien did not meaningfully answer questions about how Plaintiff was limited in sitting, reaching, and handling. *Id.* Considering this explanation in conjunction with Dr. Bien's treatment notes provides no further illumination because, as outlined above, his notes appear to primarily repeat Plaintiff's subjective complaints, and show mostly normal physical findings. The internal inconsistency in Dr. Bien's opinion undermines its credibility. Further, an ALJ may discount a treating physician's opinion where, as here, it is vague. *See Bray*, 554 F.3d at 1228 (opinion brief, conclusory, and inadequately supported by clinical findings). The Court finds that the ALJ articulated specific and legitimate reasons supported by substantial evidence to discount Dr. Bien's medical source statement.

          ii.     Dr. Muir

In treatment reports dated August 7, 2014, and September 4, 2014, Dr. Muir opined that "total disability" was a "treatment option" for Plaintiff. A.R. 610-614, 634-638. The ALJ gave little weight to this opinion because, *inter alia*, it was vague and conclusory. A.R. 31. Substantial evidence in the record supports the ALJ's findings. In both treatment reports, "total disability" is listed among other treatment options, including the significantly more conservative option of continued pain management, with no explanation or discussion. A.R. 613, 638. Further, both reports contain mostly normal findings. A.R. 610-614, 634-638. As a result, as the ALJ noted, there is insufficient objective evidence within the reports to support a finding of total disability. An ALJ may discount a treating physician's opinion where, as here, it is vague and conclusory. *See Bray*,

554 F.3d at 1228 (opinion brief, conclusory, and inadequately supported by clinical findings). The ALJ articulated specific and legitimate reasons supported by substantial evidence to discount Dr. Muir's opinion.

B. <u>Non-Treating Physicians' Opinions</u>[4]

i. <u>Dr. Lagstein</u>

In September 2012, consultative examining physician Dr. Lagstein opined that, *inter alia*, Plaintiff could stand and walk for about 6 hours in an 8-hour day; sit for 6 hours or more in an 8-hour day; engage in an 8-hour workday while alternating between standing and sitting if provided with standard breaks and lunch periods; and occasionally balance, stoop, bend, kneel, crouch, squat, and crawl. A.R. 324. Dr. Lagstein further opined that Plaintiff had no manipulative, visual, or communicative limitations; and must avoid vibrations. A.R. 325. The ALJ gave substantial weight to the aforementioned opinions because, *inter alia*, he found that they were consistent with Dr. Lagstein's examination of Plaintiff. A.R. 31. The Court finds that the record supports the ALJ's finding. *See* A.R. 423-426. Moreover, as outlined above, the ALJ gave specific and legitimate reasons supported by substantial evidence to discount the opinions of Plaintiff's treating physicians. The ALJ's decision to give greater weight to Dr. Lagstein's opinions was therefore proper. *See, e.g.*, *Thomas*, 278 F.3d at 957 ("[T]he ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (internal citations and quotation marks omitted).

ii. <u>Drs. Villaflor and Dougan</u>

In October 2012, state agency medical consultant Dr. Villaflor opined that, *inter alia*, Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk, with normal breaks, for about 6 hours in an 8-hour workday; and sit, with normal breaks, for about

---

[4] Plaintiff submits that the ALJ improperly "adopted the opinions of the state agency consultants." Docket No. 10 at 9-10. The Court therefore addresses only the portions of these physicians' opinions to which the ALJ afforded significant weight.

10

6 hours in an 8-hour workday. 67-68. A.R. Dr. Villaflor further opined that Plaintiff was unlimited in pushing or pulling, except as noted with regard to lifting and carrying; could never climb ladders, ropes, or scaffolds; had no manipulative, visual, or communicative limitations; and must avoid concentrated exposure to extreme cold and hazards, such as machinery and heights. A.R. 68-69. Similarly, in June 2013, state agency medical consultant Dr. Dougan opined that, *inter alia*, Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could stand and/or walk, with normal breaks, for about 6 hours in an 8-hour workday; was unlimited in pushing or pulling, except as noted with regard to lifting and carrying; could occasionally climb ramps and stairs, could never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, and crawl; had no manipulative, visual or communicative limitations; and must avoid concentrated exposure to wetness, extreme cold, and hazards, such as machinery and heights. A.R. 81-82.

The ALJ gave the aforementioned opinions significant weight because, *inter alia*, they were consistent with Dr. Lagstein's opinions. A.R. 32. The Court finds that the record supports the ALJ's determination that the state agency medical consultants' opinions were consistent with Dr. Lagstein's opinions. A.R. 67-70, 81-82, 324-325. Because the ALJ properly gave significant weight to Dr. Lagstein's opinions, the Court finds that the ALJ also properly gave significant weight to these consistent opinions.

In sum, the Court finds that the ALJ gave specific and legitimate reasons for discounting the opinions of Plaintiff's treating physicians. The ALJ's decision to give consultative examining physician Dr. Lagstein's opinions more weight was therefore proper, as was his decision to credit state agency medical consultants' opinions that were consistent with Dr. Lagstein's opinions. Thus, despite the fact that Drs. Lagstein, Villaflor, and Dougan did not consider evidence after June 2013, the Court finds that the ALJ properly weighed all of the medical opinion evidence.

## IV. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It

is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is free from legal error and supported by substantial evidence under 42 U.S.C. § 405(g).

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Remand (Docket No. 10) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 13) be **GRANTED**.

IT IS SO ORDERED.

DATED: December 16, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).